NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHAMBERS OF<br>**SUSAN D. WIGENTON**<br>UNITED STATES DISTRICT JUDGE | MARTIN LUTHER KING COURTHOUSE<br>50 WALNUT ST.<br>NEWARK, NJ 07101<br>973-645-5903 |

October 21, 2020

Tamica Ruffin
410 10th Avenue
Paterson, NJ 07514
*Pro Se Plaintiff*

Jessica Lynn Mariconda, Esq.
Linda Jean Niedweske, Esq.
Niedweske Barber LLC
98 Washington Street
Morristown, NJ 07960
*Counsel for Defendants*

**LETTER OPINION FILED WITH THE CLERK OF THE COURT**

    Re:    **Ruffin v. Castano, et al.**
             **Civil Action No. 19-18841 (SDW) (LDW)**

Litigants:

Before this Court is Defendants Christian Castano ("Castano") and Turning Point, Inc.'s ("Turning Point") (collectively, "Defendants") Motion to Dismiss *pro se* Plaintiff Tamica Ruffin's ("Ruffin" or "Plaintiff") Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). This Court having considered Defendants' submissions, noting that Plaintiff has not opposed the motion, and having reached its decision without oral argument pursuant to Federal Rule of Civil Procedure 78, for the reasons discussed below, **GRANTS** Defendants' motion.

**DISCUSSION**

    A.  Standard of Review

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). This Rule "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555

(2007) (internal citations omitted); *see also Phillips v. Cty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (stating that Rule 8 "requires a 'showing,' rather than a blanket assertion, of an entitlement to relief"). In considering a Motion to Dismiss under Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (external citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203 (3d Cir. 2009) (discussing the *Iqbal* standard).

B. Plaintiff's Complaint Fails To State A Claim Upon Which Relief Can Be Granted

On or about November 18, 2018, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the New Jersey Division on Civil Rights ("DCR"), alleging that Turning Point[1] was "subjecting me and a class of employees to discrimination in connection to our age (43) and race (African American/Black) in violation of the Age Discrimination in Employment Act of 1967, as amended (ADEA) and Title VII of the Civil Rights Act of 1964, as amended (Title VII)." (D.E. 17-2 Ex. A.) On July 11, 2019, the EEOC sent Plaintiff a Notice of Dismissal and Right to Sue letter. (D.E. 17-2 Ex. C.) On October 9, 2019, Plaintiff filed suit in this Court generally alleging that Defendants engaged in "[d]iscriminatory acts in [sic] which created a hostile work environment" in violation of federal law. (D.E. 1.) Although Plaintiff's Complaint does not identify the specific legal basis for her claims, this Court treats her Complaint as alleging discrimination under the ADEA and Title VII.[2]

Under the ADEA, employers are prohibited from "discharg[ing] any individual or otherwise discriminat[ing] against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's age[.]" 29 U.S.C. § 623(a)(1). To establish a prima facie case of age discrimination, a plaintiff must show: "(1) the plaintiff is at least forty years old; (2) the plaintiff suffered an adverse employment decision; (3)

---

[1] It appears that Turning Point is a substance abuse treatment facility, operating in the state of New Jersey and that Plaintiff was employed there in 2017 and 2018. *See* https://www.turningpointnj.org/, last visited Oct. 19, 2020. Plaintiff's position, responsibilities, and precise dates of her employment are not clearly articulated in the Complaint.

[2] Plaintiff did not raise a hostile work environment/retaliation claim in her initial EEOC filing, therefore, such a claim is not available to her here. *See Rowan v. City of Bayonne*, 474 F. App'x 875, 878 (3d Cir. 2012) (noting that "[a]fter a plaintiff files an EEOC complaint, any subsequent Title VII claims are limited to those contained in [that] EEOC complaint").

Plaintiff's discrimination claims under the ADEA and Title VII are subject to the burden-shifting framework the Supreme Court articulated in *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 802 (1973).
> First, the plaintiff must establish a prima facie case of discrimination. If the plaintiff succeeds in establishing a prima facie case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." Finally, should the defendant carry this burden, the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination.

*Jones v. Sch. Dist. of Phila.*, 198 F.3d 403, 410 (3d Cir. 1999) (internal citations omitted).

2

the plaintiff was qualified for the position in question; and (4) the plaintiff was ultimately replaced by another employee who was sufficiently younger so as to support an inference of a discriminatory motive." *Willis v. UPMC Children's Hosp. of Pittsburgh*, 808 F.3d 638, 644 (3d Cir. 2015).  Although Plaintiff states in her EEOC filing that she is 43 years old, her Complaint contains no other allegations supporting an ADEA claim. It does not allege that Plaintiff suffered an adverse employment decision, that she was qualified for the position, or that she was replaced by someone younger.  Therefore, Plaintiff's ADEA claim will be dismissed.

To establish a *prima facie* case of race discrimination under Title VII, a plaintiff must show that she: (1) was a member of a protected class; (2) was qualified for the position; (3) suffered an adverse employment action; and (4) the circumstances of the adverse employment action imply discrimination. *Jones v. School Dist. of Phila.*, 198 F.3d 403, 410–11 (3d Cir. 1999).  The factual basis for Plaintiff's claims is set out in a nine-page list of "Documented Incidents" which does not clearly articulate any specific discriminatory conduct, but rather appears to set out a series of events with which Plaintiff takes issue. (D.E. 1.)  This disjointed narrative does not identify Plaintiff's qualifications, nor specify what adverse employment action she suffered.  Although Plaintiff alleges that three non-black employees were allowed to become Medicaid certified, but "no other counselor was offered the opportunity to do so," she does not plead that she or any other employee was qualified to obtain that certification or that there were any other racially motivated discriminatory events.[3]  As a result, Plaintiff's Title VII claim will be dismissed.

## **CONCLUSION**

Defendant's Motion to Dismiss the Complaint will be **GRANTED**.  Plaintiff shall have thirty (30) days within which to file an amended complaint.  An appropriate order follows.

    /s/ Susan D. Wigenton

SUSAN D. WIGENTON, U.S.D.J

Orig:   Clerk
cc:     Parties
        Leda D. Wettre, U.S.M.J.

---

[3] Plaintiff does allege that a fellow employee named Christina - who accused Plaintiff of "stumping" into her office, calling her a "little girl," and frightening her - "was trying to imply [that Plaintiff was an] 'angry black woman' . . . ." (D.E. 1.)  However, it does not appear that Plaintiff suffered an adverse employment action as a result of that incident.